UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID NILSEN,<br><br>    Petitioner,<br><br>    v.<br><br>LAKE COUNTY SUPERIOR COURT, APPELLATE DEPT.,<br><br>    Respondent. | Case No. 19-cv-02917-PJH<br><br>**ORDER GRANTING MOTION TO ELECTRONICALLY FILE AND DISMISSING PETITION WITH LEAVE TO AMEND**<br><br>Re: Dkt. No. 3 |

Petitioner, a former California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. His conviction occurred in Lake County, which is in this district, so venue is proper here. *See* 28 U.S.C. § 2241(d). He has paid the filing fee.

## BACKGROUND

Petitioner was found guilty of driving under the influence, driving on a suspended license and evading a peace officer. Petition at 2. He was sentenced to 20 days in county jail. *Id.* at 1. His appeals were denied as was a petition to the superior court. *Id.* at 2-3.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The court cannot ascertain the exact nature of plaintiff's claims. He states that allowing appellate judges to sit on a case is in criminal court is inappropriate with respect to a motion to recuse, appellate panel members refused to take judicial notice of files supporting the timeliness of his petition, the trial court lacked jurisdiction which remained with the Appellate Department and the entire history of the case is riddled with errors with respect to trial judges, appellate panels and other court staff. Petition at 4-8.

It appears that many of the claims involve his appeals and habeas petition in state court. These are not proper grounds for federal habeas relief. *See Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) ("a petition alleging errors in the state post-conviction review process is not addressable through habeas corpus proceedings.") To the extent that petition raises a clam regarding the underlying conviction, he must provide a clear recitation of his claim. Petitioner is reminded that he may only bring claims in this court that have been exhausted in state court. The petition is dismissed with leave to amend to provide more information and address these deficiencies. Petitioner should also indicate if he was found guilty of misdemeanors or felonies.

In addition, petitioner is informed that the federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id*. A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488,

2

490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). In the amended complaint petitioner should indicate if he is still in custody, on probation or if his liberty is restrained in any way.

## CONCLUSION

1. Leave to file electronically (Docket No. 3) is **GRANTED**.

2. The petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The amended petition must be filed no later than **September 3, 2019**, and carry the words AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the petition.

3. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: August 1, 2019

PHYLLIS J. HAMILTON
United States District Judge