United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID NILSEN,<br><br>　　　　Petitioner,<br><br>　　v.<br><br>LAKE COUNTY SUPERIOR COURT, APPELLATE DEPT.,<br><br>　　　　Respondent. | Case No. 19-cv-02917-PJH<br><br>**ORDER DISMISSING AMENDED PETITION WITH LEAVE TO AMEND** |

Petitioner, a former California prisoner, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The original petition was dismissed with leave to amend and petitioner has filed an amended petition.

## BACKGROUND

Petitioner was convicted of several motor vehicle related charges, all misdemeanors. Docket No. 8 at 1. He was sentenced to 20 days in county jail. Docket No. 1 at 1.

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to

the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

The original petition was dismissed with leave to amend to provide more information because the court could not ascertain the exact nature of petitioner's claims or determine if petitioner had exhausted his claims or if he was in custody for purposes of the petition. The amended petition has not cured the deficiencies of the original petition. The amended petition is dismissed with leave to amend to provide more information.

Petitioner does not set forth specific claims, rather he describes his arrest and prosecution. In an amended petition, he must set forth specific, numbered claims. The court can only consider claims that have been properly exhausted in state court.

In California, a criminal defendant seeks review of a misdemeanor conviction by filing a notice of appeal in the municipal court seeking review by the appellate department of the superior court. After the Appellate Department of the Superior Court has denied relief, a misdemeanant requests transfer to the Court of Appeal. If the request is denied then the petitioner has completed his direct appeal. If the request is not denied, his appeal is transferred to the California Court of Appeal and the appeal continues. *See* Cal. Rules of Court 62, 63, 182.

A misdemeanant must present his claims to the California Supreme Court in order to exhaust his state remedies. Thus, if his direct appeal is concluded before he reaches the California Supreme Court, he must present his claims by habeas proceedings to that court in order to exhaust his claims for federal habeas purposes. *See Larche v. Simons*, 53 F.3d 1068, 1072 (9th Cir. 1995). In the interests of comity, the California Supreme Court must be given at least one opportunity to review petitioner's claim before he is heard in federal court. *See id.* at 1071. Petitioner must demonstrate that he has

2

exhausted his claims by presenting them to the California Supreme Court. He should also specify what claims he presented in state court. He may include copies of his state court appeals or state habeas petitions.

In addition, petitioner is informed that the federal writ of habeas corpus is only available to persons "in custody" at the time the petition is filed. *See* 28 U.S.C. §§ 2241(c), 2254(a); *Carafas v. LaVallee*, 391 U.S. 234, 238 (1968). This requirement is jurisdictional. *Id.* A habeas petitioner must be in custody under the conviction or sentence under attack at the time the petition is filed. *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989). A petitioner who files a habeas petition after he has fully served his sentence and who is not subject to court supervision is not "in custody" for the purposes of this court's subject matter jurisdiction and his petition is therefore properly denied. *See De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990). In the amended petition, petitioner states that he is under the constructive custody of the Lake County justice system and he will be remanded to the county jail if this federal petition is denied. He provides no more information to support this contention or why he will be remanded to custody if the petition is denied. He must provide more information in an amended petition.

**CONCLUSION**

1. The amended petition is **DISMISSED** with leave to amend in accordance with the standards set forth above. The second amended petition must be filed no later than **November 1, 2019**, and carry the words SECOND AMENDED PETITION on the first page. Failure to amend within the designated time will result in the dismissal of the petition.

2. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule

41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: October 1, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge