UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID NILSEN,<br><br>Petitioner,<br><br>v.<br><br>LAKE COUNTY SUPERIOR COURT, APPELLATE DEPT.,<br><br>Respondent. | Case No. 19-cv-02917-PJH<br><br>**ORDER FOR RESPONDENT TO SHOW CAUSE** |

Petitioner, a California probationer, filed a pro se petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The amended petition was dismissed with leave to amend and petitioner has filed a second amended petition.

## BACKGROUND

Petitioner states that after being found guilty of driving while under the influence, he was sentenced to 20 days jail time, nine months in DUI school, 116 hours of community service and three years of probation. Second Amended Petition ("SAP") at 2. Petitioner further contends that the California Court of Appeal and California Supreme Court denied his appeals. *Id.*

## DISCUSSION

### STANDARD OF REVIEW

This court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a); *Rose v. Hodges*, 423 U.S. 19, 21 (1975). Habeas corpus petitions must meet heightened pleading requirements. *McFarland v. Scott*, 512 U.S. 849, 856 (1994). An

application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court must "specify all the grounds for relief available to the petitioner ... [and] state the facts supporting each ground." Rule 2(c) of the Rules Governing § 2254 Cases, 28 U.S.C. § 2254. "'[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a 'real possibility of constitutional error.'" Rule 4 Advisory Committee Notes (quoting *Aubut v. Maine*, 431 F.2d 688, 689 (1st Cir. 1970)).

**LEGAL CLAIMS**

Liberally construing the second amended petition, petitioner asserts that: (1) he was falsely arrested due to an unauthorized traffic stop; (2) the trial court lacked jurisdiction because the accusatory pleading was void; (3) his speedy trial rights were violated; and (4) the trial judge erred by failing to recuse himself.[1] SAP at 1-2. Petitioner's third and fourth claims are sufficient to require a response. The remaining claims are dismissed.

Petitioner's first claim regarding the unauthorized stop and false arrest pursuant to the Fourth Amendment, fails to present a federal habeas claim. In *Stone v. Powell*, 428 U.S. 465, 481-82, 494 (1976), the Supreme Court held that federal habeas review of Fourth Amendment claims is barred unless the state did not provide an opportunity for full and fair litigation of those claims. Even if the state courts' determination of the Fourth Amendment issues is improper, it will not be remedied in federal habeas corpus actions so long as the petitioner was provided a full and fair opportunity to litigate the issue. *See Locks v. Sumner*, 703 F.2d 403, 408 (9th Cir. 1983). California state procedure provides an opportunity for full litigation of any Fourth Amendment claim. To the extent that petitioner argues a violation of state law, that does not state a federal habeas claim. *See*

---

[1] To the extent that petitioner argues in claim four that the appellate court erroneously denied petitioner's motion for the trial judge to recuse himself, any such claim is dismissed. The appellate court dismissed the motion as untimely and petitioner argues that the motion was timely filed. Even if the appellate court erred, that does not state a separate federal claim regarding recusal.

2

*Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.")

In his second claim, petitioner argues that pursuant to state law too much time elapsed between his arrest and the filing of charges, therefore the trial court lacked jurisdiction. Petitioner again only describes violations of state procedure and law and this fails to state a federal claim. *See Estelle*, 502 U.S. at 68.

**CONCLUSION**

1. The first two claims are dismissed, and this petition continues with claims three and four regarding a speedy trial violation and the failure of the trial judge to recuse himself.

2. The clerk shall serve by regular mail a copy of this order and the petition (Docket No. 10) and all attachments thereto on respondent and respondent's attorney, the Lake County Probation Department. The clerk shall also send a courtesy copy to the Attorney General of the State of California. The clerk also shall serve a copy of this order on petitioner.

3. Respondent shall file with the court and serve on petitioner, within fifty-six (56) days of the issuance of this order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted. Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that have been transcribed previously and that are relevant to a determination of the issues presented by the petition.

If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the court and serving it on respondent within twenty-eight (28) days of his receipt of the answer.

4. Respondent may file a motion to dismiss on procedural grounds in lieu of an answer, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, it is due fifty-six (56) days from the date this order is entered. If a motion is filed, petitioner shall file with the

3

Court and serve on respondent an opposition or statement of non-opposition within twenty-eight (28) days of receipt of the motion, and respondent shall file with the court and serve on petitioner a reply within fourteen (14) days of receipt of any opposition.

5. Petitioner is reminded that all communications with the court must be served on respondent by mailing a true copy of the document to respondent's counsel. Petitioner must keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). *See Martinez v. Johnson*, 104 F.3d 769, 772 (5th Cir. 1997) (Rule 41(b) applicable in habeas cases).

**IT IS SO ORDERED.**

Dated: November 18, 2019

*/s/ Phyllis J. Hamilton*
PHYLLIS J. HAMILTON
United States District Judge