UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL DAVID NILSEN,<br><br>    Petitioner,<br><br>    v.<br><br>LAKE COUNTY SUPERIOR COURT, APPELLATE DEPT., et al.,<br><br>    Respondents. | Case No. 19-cv-02917-PJH<br><br>**ORDER GRANTING RESPONDENT'S MOTION TO DISMISS AND DENYING CERTIFICATE OF APPEALABILITY**<br><br>Re: Dkt. No. 20 |

This is a habeas case brought pro se by a former prisoner under 28 U.S.C. § 2254, challenging a conviction involving several misdemeanors. Respondent has filed a motion to dismiss on the ground that the petition is unexhausted. Petitioner has filed an opposition and respondent filed a reply. For the reasons that follow, the motion is granted.

**DISCUSSION**

**Exhaustion**

An application for a federal writ of habeas corpus filed by a prisoner who is in state custody pursuant to a judgment of a state court may not be granted unless the prisoner has first exhausted state judicial remedies, either by way of a direct appeal or in collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every issue he or she seeks to raise in federal court. *See* 28 U.S.C. § 2254(b),(c); *Granberry v. Greer*, 481 U.S. 129, 133-34 (1987). Petitioner has the burden of pleading exhaustion in his or her habeas petition. *See Cartwright v. Cupp*, 650 F.2d 1103, 1104 (9th Cir. 1981).

A petitioner fully and fairly presents a claim to the state courts "if he presents the claim (1) to the correct forum; (2) through the proper vehicle; and (3) by providing the factual and legal basis for the claim. Full and fair presentation additionally requires a petitioner to present the substance of his claim to the state courts, including a reference to a federal constitutional guarantee and a statement of facts that entitle the petitioner to relief." *Scott v. Schriro*, 567 F.3d 573, 582 (9th Cir. 2009) (citations omitted).

Misdemeanor appeals follow a different track than felony appeals in California. *McMonagle v. Meyer*, 802 F.3d 1093, 1096 (9th Cir. 2015) (en banc). Misdemeanants appeal their convictions to the appellate division of the superior court in which they were convicted, Cal. Pen. Code § 1466, and if the appellate division affirms the conviction, then they may request certification of the case for transfer to the California Court of Appeal for further review, Cal. R. Ct. 8.1005(b). *Id.* "If certification is denied, the misdemeanant may petition the Court of Appeal directly to accept transfer of the case." *Id.*, citing Cal. R. Ct. 8.1002, 8.1006. If the appellate court denies the transfer, the denial is final immediately, and the misdemeanant may not appeal the denial to the California Supreme Court, Cal. R. Ct. 8.500(a)(1). *Id.* Misdemeanor convictions become final upon the denial of a petition to accept transfer by the appellate court, and therefore final for AEDPA purposes ninety days after the denial of the transfer. *Id.* at 1098-99 (overruling *Larche v. Simons*, 53 F.3d 1068 (9th Cir. 1995), which held that California misdemeanants must seek habeas relief from the state high court in order to fully exhaust their claims, because it created undue confusion in the wake of AEDPA's enactment and unduly restricted the state's ability to dictate its own systems of appellate review).

On May 25, 2018, petitioner was found guilty of several misdemeanors. Docket No. 10, Ex. B at 4. The judgment was affirmed by the appellate division of the superior court on March 25, 2019. *Id.* Petitioner did not request certification of the case for transfer to the California Court of Appeal nor did he petition the California Court of Appeal directly to accept transfer of the case.

On April 25, 2019, petitioner filed a habeas petition in the California Court of Appeal, that was denied on April 29, 2019. Motion to Dismiss, Exs. 1, 2. On May 7, 2019, filed a petition in the California Supreme Court, that was denied on May 22, 2019. *Id.*, Ex. 3.

In this case, the judgement was affirmed by the appellate division of the superior court on March 25, 2019. Petitioner failed to request certification of the case for transfer to the California Court of Appeal nor did he petition the California Court of Appeal directly to accept transfer of the case. Therefore, the claims were not exhausted. *See Lull v. California*, No. 17-1673, 2018 WL 3388593, *2 (E.D. Cal. 2018) (claims not exhausted where petitioner failed to seek transfer of case to California Court of Appeal). Petitioner did file a habeas petition in the California Supreme Court. Motion to Dismiss, Ex. 3. Even assuming that this petition could serve to exhaust his misdemeanor claims, the claim presented in that petition is not one of the two claims in this federal petition. *Id.*

Petitioner does not contest that he failed to follow the proper exhaustion procedures for the cognizable claims in this petition. In his opposition (Docket No. 25), he argues that a claim dismissed at screening (Docket No. 11), was properly exhausted. Assuming that this claim was exhausted, it was dismissed and is not part of this petition. To the extent petitioner seeks reconsideration, any such request is denied. Petitioner argues that the state court that found him guilty did not have jurisdiction, because he sought recusal of the trial judge which he argues was improperly denied by the appellate department. Opposition at 2. As noted in the prior order, petitioner's claim that state law and procedures were violated fails to state a federal claim. *See Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("We have stated many times that federal habeas corpus relief does not lie for errors of state law.") For all these reasons, petitioner's claims in this petition are unexhausted.

## CONCLUSION

1. Respondent's motion to dismiss (Docket No. 20) is **GRANTED**. The petition is **DISMISSED** as unexhausted. The clerk shall close the file.

3

2. The clerk shall substitute Rob Howe, Chief Probation Officer of Lake County, as respondent.

**APPEALABILITY**

The federal rules governing habeas cases brought by state prisoners require a district court that enters a final order adverse to the petitioner to grant or deny a certificate of appealability ("COA") in the order.  *See* Rule 11(a), Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254.

A petitioner may not appeal a final order in a federal habeas corpus proceeding without first obtaining a certificate of appealability.  *See* 28 U.S.C. § 2253(c); Fed. R. App. P. 22(b).  Section 2253(c)(1) applies to an appeal of a final order entered on a procedural question antecedent to the merits, for instance a dismissal on statute of limitations grounds, as here.  *See Slack v. McDaniel*, 529 U.S. 473, 483 (2000).

"Determining whether a COA should issue where the petition was dismissed on procedural grounds has two components, one directed at the underlying constitutional claims and one directed at the district court's procedural holding."  *Id.* at 484-85.  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  *Id.* at 484.  As each of these components is a "threshold inquiry," the federal court "may find that it can dispose of the application in a fair and prompt manner if it proceeds first to resolve the issue whose answer is more apparent from the record and arguments."  *Id.* at 485.  Supreme Court jurisprudence "allows and encourages" federal courts to first resolve the procedural issue, as was done here.  *See id.*

Here, the court declines to issue a COA regarding the procedural holding or the underlying claims because reasonable jurists would not find the court's findings debatable.

4

The court therefore **DENIES** a COA.

**IT IS SO ORDERED.**

Dated: August 13, 2020

                                                _/s/ Phyllis J. Hamilton_
PHYLLIS J. HAMILTON
United States District Judge